# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON AUGUST,<br><br>　　　　Plaintiff,<br>　vs.<br><br>FBI,<br><br>　　　　Defendant. | CASE NO. 17cv0899 WQH JLB<br><br>ORDER RE: PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL |

HAYES, Judge:

On May 4, 2017, Plaintiff Jayson August, proceeding pro se, initiated this action by filing a Complaint, a Motion to Proceed *in forma pauperis*, and a Motion to Appoint Counsel. (ECF Nos. 1, 2, 3).

**I. Motion to Proceed In Forma Pauperis**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The affidavit filed by Plaintiff states that he is unable to pay the costs of these proceedings. (ECF No. 2 at 1). Plaintiff's total monthly income appears to be less than his total monthly expenses. After considering Plaintiff's motion and affidavit, the Court

determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

**II. Initial Screening of the Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Plaintiff has filed a Complaint against "the FBI" in the United States and the United States District Court Southern District of California. (ECF No. 1). Plaintiff alleges that "the FBI" attempted to kill him, killed his dog, and "drove [him] and [his] wife off a cliff on [their way] back from Canada." *Id.* at 5-6. The Court concludes that the Plaintiff fails to allege "sufficient factual matter, accepted as true," to state a claim to relief against "the FBI." *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court concludes that the Complaint must be dismissed because it fails to state a claim on which relief can be granted. The Complaint is

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**III.  Request for Appointment of Counsel**

Plaintiff requests that the Court appoint her counsel because he has "no money" and Defendant "stops [him] from getting help.  (ECF No.  3 at 3).

There is generally no constitutional right to counsel in civil cases.  *See, e.g., Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525.  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff fails to state a cognizable claim for relief and the Court has dismissed the Complaint.  The Court concludes that Plaintiff has failed to demonstrate a likelihood of success on the merits at this stage in the proceedings.  The Court denies the Request for Appointment of Counsel without prejudice.  (ECF No.  3).

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is GRANTED.  (ECF No. 2).

IT IS HEREBY ORDERED that the Complaint is dismissed without prejudice.  (ECF No. 1).

IT IS FURTHER ORDERED that the Request for Appointment of Counsel is

1 denied. (ECF No. 3).

DATED: September 11, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge